**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,
  Plaintiff,

v.

CARLOS O. DIAZ-DIAZ [3],
  Defendant.

Criminal No. 99-044 (HL)

**ORDER**

    Before the Court is petitioner Carlos O. Diaz-Diaz's "Motion to Vacate, Set Aside or Correct Criminal Sentence" (docket no. 813) made pursuant to 28 U.S.C. § 2255. In this two paragraph motion, assisted by counsel, petitioner requests that the Court vacate his criminal sentence pursuant to *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004), and *Dodd v. United States*, 125 S.Ct. 2478 (2005). The Court hereby **denies** said motion for three reasons.

    First, the present motion is devoid of any facts or argument. A motion to vacate, set aside, or correct sentence must, *inter alia*, "(1) specify all the grounds for relief available to the moving party; (2) state the facts supporting each ground; [and] (3) state the relief requested." Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Petitioner has failed to specify *any* grounds for relief or to state *any* facts supporting relief. *See id.*

    Second, petitioner does not appear to have a viable claim which can be asserted under 29 U.S.C. § 2255. It is well settled that, if a "sentence was imposed consistent with then-prevailing law and that sentence is not otherwise subject to collateral attack, the prisoner has no claim to bring under section 2255." *See Sepulveda v. United States*, 330 F.3d 55, 65 (1st Cir.2003). The rights newly recognized to the United States Supreme Court in *Blakely v. Washington* and *United States v. Booker*, 125 S.Ct. 738 (2005), are not retroactively applicable

to cases on collateral review. *See Cirilo-Muñoz v. United States*, 404 F.3d 527, 532-33 (1st Cir.2005); *United States v. Fraser*, 407 F.3d 9, 11 (1st Cir.2005). The Court of Appeals for the First Circuit has held that petitions under 28 U.S.C. § 2255 are not available to advance *Blakely* or *Booker* claims in the absence of a Supreme Court decision rendering these decisions retroactive. *See Cirilo-Muñoz*, 404 F.3d at 532-33; *Fraser*, 407 F.3d at 11. *Cf. Sepulveda v. United States*, 330 F.3d 55, 63 (1st Cir.2003) (holding that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), applies only on direct appeal and not on § 2255 motion).

Finally, petitioner's motion is time-barred. Section 2255 provides a one-year period of limitation for filing motions under the section. *See* 28 U.S.C. § 2255 at ¶6. In relevant part, the limitation period runs from the latest of "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made *retroactively* applicable to cases on collateral review." *Id.* at ¶6(1), (3) (emphasis ours). In the instant case, judgment was entered on September 5, 2003. (*See* docket no. 750). Petitioner never appealed this judgment. Thus, more than one-year elapsed between the date on which petitioner's judgment of conviction became final and July 23, 2005, the date that petitioner filed his section 2255 motion. *See* Fed.R.App.P. 4(b). Further, petitioner specifically asserts his motion pursuant to *Blakely v. Washington,* which, as discussed above, has not been made retroactively applicable to cases on collateral review. *See Cirilo-Muñoz*, 404 F.3d at 532-33; *Fraser*, 407 F.3d at 11.

For the aforementioned reasons, petitioner Carlos O. Diaz-Diaz's motion to vacate, set aside, or correct criminal sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 4, 2005.

S/ HECTOR M. LAFFITTE
United States District Judge